# EXHIBIT 1

Exhibit 1
4

## CONFIDENTIALITY, NON-SOLICITATION
## AND ASSIGNMENT OF INVENTIONS AGREEMENT

AGREEMENT made and entered into by and between Pfizer Inc., a Delaware corporation, its subsidiaries and affiliates, with an office and a place of business at 235 East 42 Street, New York, New York 10017 (hereinafter called "the Company") and  CHUN XIAO  LI  residing at  13028 Deer Park Way, San Diego, CA 92130.

Recognizing that the success of the business of the Company, its divisions, and subsidiaries depends to a considerable extent on the protection of patents, inventions, discoveries and information held or used by the Company, and recognizing that during my employment I may contribute to or have access to such matters, I, in consideration of my employment or continued employment and the compensation and other benefits of my employment by the Company and intending to be legally bound, hereby agree as follows:

1. During the course of my employment, I will acquire certain secret or confidential information and/or trade secrets, not previously known to me, and not known or used generally and I agree that, during my employment with the Company and thereafter, subject to any time limitations imposed by applicable law, I will not, without the Company's written permission, disclose or use any such information (other than in the course of my employment with the Company). NOTHING herein shall prohibit TRUTHFUL DISCLOSURES TO APPROPRIATE GOVERNMENTAL AGENCIES including, but not limited to, my right to contact, communicate with, or report matters (whether as a whistleblower or otherwise) to any government entity or agency including but not limited to the U.S. Department of Justice, any Office of Inspector General of any U.S. agency, the U.S. Securities & Exchange Commission, or Congress, regarding possible violations of laws or regulations or to participate in any program administered by these agencies.

2a. I agree to disclose immediately and fully to the Company any idea, discovery, invention, improvement, software, writing or other material or design conceived, made or developed by me solely or jointly with others during the period of my employment with the Company during or after working hours, whether patentable or not, that relates in any manner to the actual or anticipated business operations, work, investigations or research of the Company or its subsidiaries. I further agree that the entire right, title and interest in and to any such idea, discovery, invention, improvement, software, writing or other material or design are hereby assigned to the Company; and that at the request of and without charge to the Company, but at the Company's expense, I will execute a confirmatory written assignment of the same to the Company, including if requested a confirmatory assignment to the Company of any application for letters patent or for trademark registration made thereon, and to any common-law or statutory copyright therein; and that I will do whatever may be necessary or desirable to enable the Company to secure any patent, trademark, copyright, or other property right therein in the United States and in any foreign country, and any divisional, renewal, continuation, or continuation-in-part thereof, or for any reissue or reexamination certificate of any patent issued thereon.

2b. In the event the Company is unable, after reasonable effort, and in any event after ten business days, to secure my signature on a written assignment to the Company of any application

Exhibit 1
5

for letters patent or for trademark registration or to any common-law or statutory copyright or other property right therein, whether because of my physical or mental incapacity or for any other reason whatsoever, I irrevocably designate and appoint the General Counsel of the Company or anyone the General Counsel may appoint to act instead as my attorney-in-fact to act on my behalf to execute and file any such application and to do all other lawfully permitted acts to further the prosecution and issuance of such letters patent, copyright or trademark.

2c.     I also agree to record descriptions of all work in the manner directed by the Company and agree that all such records and copies, samples and experimental materials will be the exclusive property of the Company.

3.     I agree that I shall not disclose to the Company or induce the Company to use any secret or confidential information belonging to my former employers or entities for whom I provided services. Except for the agreements I have provided to the Company which preclude my right to make disclosures, with which I will comply, I warrant that I am not bound by the terms of any other confidentiality agreement or any other agreement with a third party that would preclude or limit my right to provide services for the Company and/or disclose to the Company any ideas, inventions, discoveries, improvements or designs or other information that I may conceive as part of my employment with the Company. I affirm that I have provided the Company with a copy of any and all agreements with any third party that preclude or limit my right to make disclosures. I indemnify the Company for any liability imposed upon the Company should any of my representations set forth above be inaccurate or if I breach any of my obligations set forth above.

4.     This Agreement may be assigned by the Company as part of the Company's entire business, or to a subsidiary or affiliate of the Company, or transferred by operation of law. I agree that if I am transferred to a subsidiary or affiliate of the Company, or from one such subsidiary or affiliate to another, all the terms and conditions of this Agreement shall continue with the same force and effect as if said Agreement had been made with such subsidiary or affiliate in the first instance.

5.     I understand that this Agreement does not create any obligation on the part of the Company, a subsidiary, an affiliate or any other person to employ me for any period of time. I also understand that I am an employee at will and am subject to termination at any time and for any or no reason. I further understand and agree that termination of this Agreement shall not affect the post-employment covenants and conditions herein contained. Upon my termination from the Company for any reason, I agree to return within 48 hours all Company property and materials within my possession, whether confidential or proprietary or that in any way relates to the business of the Company or any of its subsidiaries or affiliates.

6.     I agree that while employed by the Company, I will not be employed by, provide services to or participate in the ownership, management or control, or otherwise be affiliated as a consultant, trustee, manager, partner, principal, officer, director, or independent contractor in any other business entity which in any manner competes with the business of the Company related to the services I perform during my employment, without the Company's prior written consent.

7. Subject to applicable law, I agree that during employment and for a 12-month period following separation of employment (regardless of the basis), I will not solicit or entice away from the Company any business or customer of which I obtained confidential information during the last 24 months of my employment and/or any employee, representative, agent or consultant of the Company, of whom I developed knowledge of skills and abilities during the last 24 months of my employment.

8. I agree that any breach by me of my obligations under this Agreement, which I acknowledge are reasonable, would cause irreparable harm to the Company and that in the event of such breach the Company shall have, in addition to all other remedies at law, the right to an injunction, specific performance and other equitable relief to prevent violations of my obligations hereunder. Disputes arising under this Agreement will be subject to the Mutual Arbitration and Class Waiver Agreement.

9. I agree that prior to accepting any new employment, I will inform a new employer of the existence of this Agreement and provide a copy to such new employer to ensure the new employer is aware of my post-employment obligations. I understand that the Company retains all rights to advise any new employer of my post-employment obligations and to provide a copy of this Agreement to any new employer.

10. I agree that I will not begin employment with another employer without notifying the Company. The Company reserves the right to request separate written assurances satisfactory to the Company from me and such new employer that I will not be required to use or disclose secret or confidential Company information as part of my new employment.

11. I agree that, subject to applicable law, the Company may make deductions from any compensation otherwise due to me including base wages or salary, commissions (if applicable), bonuses (if applicable), and expense reimbursement (if applicable), for any monies due and owing by me to the Company, including but not limited to, recovery of any over-payment of wages, commissions, bonuses, or expenses by the Company to me. I also agree to sign any further necessary documents to effectuate such a deduction and if such monies cannot be deducted agree to promptly repay the Company directly.

12. I agree that any waiver of the Company in one or more instances of enforcement rights under this Agreement shall not limit the Company's rights to fully enforce its rights at any time in the future.

13. If any provision or portion thereof contained in this Agreement is held to be unconstitutional, invalid or unenforceable, the remainder of this Agreement will be considered severable, shall not be affected, and shall remain in full force and effect.

14. The validity, enforceability, construction and interpretation of this Agreement shall be governed by the internal laws of the state of New York, without reference to conflicts-of-law principles. I understand that I have the right to consult with a person of my choosing, including an attorney, before signing this Agreement.

CHUNXIAO LI    *(signature)*        08/22/2016
Employee Name (Print) (Signature)        Date

Jamie Le,    *(signature)*        8/22/2016
Company Representative (Print) (Signature)        Date