# EXHIBIT 2

Exhibit 2
9

# MUTUAL ARBITRATION AND CLASS WAIVER AGREEMENT

This Mutual Arbitration and Class Waiver Agreement ("Agreement") sets forth the terms of the agreement between you and Pfizer to a dispute resolution procedure for resolving employment-related disputes.

1. **Mutual Arbitration Agreement**

Except as expressly set forth in section 3, titled, "Claims Not Covered by this Agreement," all disputes, claims, complaints, or controversies ("Claims") that you have now or at any time in the future may have against Pfizer and/or any of its parents, subsidiaries, affiliates, predecessors, successors, assigns, current and former officers, directors, employees, and/or those acting as an agent of the Company (which make up the definition of "Company"), or that the Company has now or at any time in the future may have against you, including claims relating to breach of contract, tort claims, wrongful discharge, discrimination and/or harassment claims, retaliation claims, claims for overtime, wages, leaves, paid time off, sick days, compensation, penalties or restitution, including but not limited to claims under the Fair Labor Standards Act ("FLSA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Worker Adjustment and Retraining Notification Act ("WARN"), the Equal Pay Act ("EPA"), the Americans With Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and any other claim under any federal, state, or local statute, constitution, regulation, rule, ordinance, or common law, arising out of and/or directly or indirectly related to your application for employment with the Company, and/or your employment with the Company, and/or the terms and conditions of your employment with the Company, and/or termination of your employment with the Company (collectively "Covered Claims"), are subject to arbitration pursuant to the terms of this Agreement and will be resolved by arbitration and NOT by a court or jury. THE PARTIES HEREBY FOREVER WAIVE AND GIVE UP THE RIGHT TO HAVE A JUDGE OR A JURY DECIDE ANY COVERED CLAIMS. Either party to this Agreement may make application to a court for temporary or preliminary injunctive relief in aid of arbitration or for the maintenance of the status quo pending arbitration, if the award to which the party may be entitled may be rendered ineffectual without such relief.

2. **Class, Collective, and Representative Action Waiver:**

   a. **Waiver of Class, Collective, and Representative Actions:** To the maximum extent permitted by applicable law, the parties agree that no Covered Claims may be initiated or maintained on a class action, collective action, or representative action basis either in court or arbitration. This means that neither party may serve or participate in a class, collective, or representative action involving Covered Claims either in court or in arbitration. In addition, neither you nor the Company may participate as a plaintiff or claimant in a class, collective or representative action to the extent that the action asserts Covered Claims against you or the Company. Nothing in this Agreement will preclude you or the Company from testifying or providing information in a class action, collective action, or representative action.

Exhibit 2
10

b. <u>Court to Decide Enforceability of the Waiver</u>:  A court of competent jurisdiction, not an arbitrator, must resolve issues concerning the enforceability or validity of the class action, collective action, or representative action waiver set forth above.

c. <u>No Prohibition on Filings or Communications with Government Agencies</u>:  Nothing in this Agreement shall prohibit you from filing a charge, complaint or claim, or communicating or cooperating with, providing information to, or participating in an investigation by the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the U.S. Department of Labor, the Occupational Safety and Health Commission, or any other federal, state or local administrative agency.

d. <u>Right to Challenge Validity of this Agreement</u>: You have the right to challenge the validity of the terms and conditions of this Agreement on any grounds that may exist in law and equity, and the Company shall not discipline, discharge, or engage in any retaliatory actions against you in the event you choose to do so.  The Company, however, reserves the right to enforce the terms and conditions of this Agreement.  If, for any reason, the class action, collective action, or representative action waiver is held unenforceable or invalid in whole or in part, then a court of competent jurisdiction, not an arbitrator, will decide the claim as to which the waiver was held unenforceable or invalid and all other claims will remain subject to arbitration.

Nothing in this Agreement shall prohibit you from making truthful disclosures to appropriate governmental agencies including but not limited to your right to contact, communicate with, or report matters (whether as a whistleblower or otherwise) to any government entity or agency including but not limited to the U.S. Department of Justice, any Office of Inspector General of any U.S. agency, the U.S. Securities & Exchange Commission, or Congress, regarding possible violations of laws or regulations or participating in any program administered by these agencies.

3. **<u>Claims Not Covered by this Agreement</u>**.  The following claims shall not be covered by this Agreement:

a. Claims for workers' compensation benefits

b. Claims for unemployment compensation benefits

c. Claims for benefits under a plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"); resolution of such claims will be governed by the terms of the applicable plan and applicable law

d. Claims that are subject to the exclusive jurisdiction of the National Labor Relations Board

e. Any claim that is expressly precluded from inclusion in this arbitration Agreement by a governing federal statute

f.  Any claim that has been filed in court before the date on which this Agreement was first sent to you, whether you filed the claim yourself as a plaintiff or opt-in plaintiff, whether you are named as a defendant, or whether the claim has been filed on your behalf as a certified or uncertified class action or collective action

4. **Arbitration Procedures**

a.  Except as provided below, the parties will use JAMS, Inc. ("JAMS"), subject to the JAMS Employment Arbitration Rules and Procedures and the JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness ("JAMS Arbitration Rules"), available at www.jamsadr.com or a copy will be provided upon request, unless those rules and/or procedures conflict with any express terms of this Agreement, in which case this Agreement is controlling.

b.  No arbitration under this Agreement shall be subject to the JAMS Class Action Procedures.

c.  The arbitration will be heard by a single arbitrator at a location agreed to by the parties or decided by the arbitrator.

d.  Any party shall have the right to file a motion to dismiss and/or a motion for summary judgment, which the arbitrator shall have the authority and obligation to decide by application of the Federal Rules of Civil Procedure governing such motions.

e.  Any party may be represented by counsel in the arbitration.  Each party will be responsible for its own attorneys' fees and costs, except as provided below.

f.  The arbitrator is authorized to award any party the full remedies that would be available to such party if the Covered Claim had been filed in court, including attorneys' fees and costs.  Thus, for example, you shall be entitled to recover attorney's fees and costs in any arbitration in which you assert and prevail on any statutory claims to the same extent as you could in court.

g.  The arbitrator shall issue a final and binding written award, subject to review on the grounds set forth in the Federal Arbitration Act ("FAA").  The award shall have no preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

5.   **Arbitration Fees and Costs**

a.  In the event you file a claim under this Agreement, you will pay $250 towards any JAMS initial filing fee, and the Company will pay the remainder of the filing fee.  In the event the Company files a claim under this Agreement, the Company will pay the entire amount of any JAMS initial filing fee.

    b. The Company will pay any other JAMS administrative fees, forum fees, case management fees, the arbitrator's fees, and other administrative fees and costs of the arbitration forum, regardless of which party files the claim.

**6. Other Provisions**

    a. Consideration:  You agree that the Company has offered you sufficient consideration for this mutual arbitration agreement.

        i. For new hires, consideration for this Agreement includes Pfizer's consideration of your application for employment and your offer of employment and/or the Company's mutual agreement to arbitrate disputes and other promises in this Agreement.

        ii. For current Pfizer employees, consideration for this Agreement includes continuation of your employment and/or the Company's mutual agreement to arbitrate disputes and other promises in this Agreement.

    b. Time Limitation for Commencing Arbitration:  The same statute of limitations (the maximum time that parties have to initiate legal proceedings from the date a claim arises) that would have applied if the Covered Claim was filed in court will apply to any Covered Claim.  Arbitration is to be commenced consistent with the JAMS Arbitration Rules, as applicable.

    c. Agreement Survives Termination of Employment:  This Agreement will survive the termination of your employment with the Company.  This Agreement supersedes any prior agreement between the parties regarding the subject matter of dispute resolution of Covered Claims.

    d. Construction and Severability:

        i. Except as stated below, if any part or provision of this Agreement is found to be void, voidable, or otherwise unenforceable, that part or provision shall be severed and such a finding will not affect the validity of the remainder of the Agreement, and all other parts and provisions remain in full force and effect.

        ii. If any portion of the class action, collective action, or representative action waiver is found to be void, voidable, or otherwise unenforceable, then the portion of the waiver found void or unenforceable shall be severed from this Agreement, and all other parts and provisions shall remain in full force and effect.  In such a case, the claims found to be able to proceed on a class action, collective action, or representative action basis shall proceed in court and not in arbitration.

    e. Confidentiality:  The parties shall maintain the confidential nature of the arbitration proceeding and the award, including all disclosures in discovery, submissions to the arbitrator, the hearing, and the contents of the arbitrator's award, except as may be

necessary in connection with a court application for a temporary or preliminary injunction in aid of arbitration or for the maintenance of the status quo pending arbitration, a judicial action to review the award on the grounds set forth in the FAA, or unless otherwise required or protected by law or allowed by prior written consent of both parties.  This provision shall not prevent either party from communicating with witnesses or seeking evidence to assist in arbitrating the proceeding.  [Nothing in this Confidentiality provision shall prohibit employees from engaging in protected discussions or activity relating to the workplace, such as discussions of wages, hours, or other terms and conditions of employment.]  In all proceedings to confirm or vacate an award, the parties will cooperate in preserving the confidentiality of the arbitration proceeding and the award to the greatest extent allowed by applicable law.

    f.   <u>Governing Law</u>:  This Agreement shall be governed and interpreted in accordance with the FAA.  The Company's business and your employment with the Company affect interstate commerce.

**7.  Acknowledgements:**  By accepting the terms of this Agreement, you acknowledge and represent that:

a.  You have carefully read this Agreement, understand the terms of this Agreement, and are entering into this Agreement voluntarily;

b.  You are not relying on any promises or representations by the Company except those contained in this Agreement;

c.  You are giving up the right to have Covered Claims decided by a court, judge or jury and to bring or participate in a class action, collective action, or representative action;

d.  You remain employed "at will," and for no definite period of time;

e.  These obligations are binding both upon you, your assigns, executors, administrators and legal representatives;

f.  You have been given a reasonable period of time in which to consider this Agreement;

g.  You have been given the opportunity to discuss this Agreement with your own attorney or advisor if you wish to do so; and

h.  **You understand that your acknowledgement of this Agreement is not required for the Agreement to be enforced.  If you begin or continue working for the Company sixty (60) days after receipt of this Agreement, even without acknowledging this Agreement, this Agreement will be effective, and you will be deemed to have consented to, ratified and accepted this Agreement through your acceptance of and/or continued employment with the Company.**